Case 1:08-cv-01903   Document 1   Filed 04/02/2008   Page 1 of 20

FILED
APRIL 2, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1903

JUDGE LEFKOW
MAGISTRATE JUDGE BROWN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THOMAS JOHNSON, | ) |
| plaintiff, | ) |
| vs. | ) CASE NO. |
| JAMES B. PEAKE, Secretary, U.S. Department of Veterans Affairs and the Department of Veterans Affairs, Security and Investigation Center, | ) |
| defendants. | ) |

**COMPLAINT**

NOW COMES the plaintiff, THOMAS JOHNSON ("plaintiff" or "Johnson"), by his attorney, TIMOTHY A. BRIDGE and, as and for his complaint against JAMES B. PEAKE, Secretary, U.S. Department of Veterans Affairs and the Department of Veterans Affairs, Security and Investigation Center, states as follows:

**NATURE OF ACTION, JURISDICTION AND VENUE**

1. This is an action for equitable relief and damages for discrimination in federal employment on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16. Plaintiff also seeks equitable relief, damages, penalties, attorney's fees and costs against the Department of Veterans Affairs, Security and Investigation Center, for violation of the Privacy Act of 1974, 5 U.S.C. §552a, et. seq.

2. This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. §§1331, 1343, 42 U.S.C. §2000e-16 and 5 U.S.C. §552a(g)(1).

3.  Venue is proper in this court since the discriminatory acts and omissions giving rise to this complaint occurred within this judicial district. 42 U.S.C. §2000e-5(f)(3).

## PARTIES

4.  Thomas Johnson (black), is a citizen of the United States and, at all times relevant, was employed by the U.S. Department of Veterans Affairs at Hines VA Medical Center, Hines, Illinois ("Agency").

5.  James B. Peake was, at all times relevant, the Secretary, U.S. Department of Veterans Affairs ("Department") and, as such, is the proper party defendant herein since he was responsible for the administration and enforcement of all laws, rules and regulations relating to the equal employment opportunity of employees in and under the jurisdiction of the Department, including those employees employed at Hines VAMC, Hines, Illinois.

## PRIOR ADMINISTRATIVE PROCEEDINGS

6.  Johnson invoked and exhausted all mandatory pre-complaint administrative procedures by filing timely complaints of discrimination with the Agency's Office of Resolution Management, i.e., Agency Case Nos. 200K-0578-2004103520 (8/23/04) and 200J-0578-2006101830 (5/4/06).

7.  On January 10, 2008, the Department's Office of Employment Discrimination Complaint Adjudication issued a final agency decision ("FAD"). This complaint is filed within (90) calendar days of receipt of the FAD. (A copy of the Department's FAD is attached hereto as Exh. A).

## FACTS COMMON TO ALL COUNTS

8. Johnson is a career federal employee who was initially hired effective October 20, 2002 as a Police Officer (GS-083-04) at Hines VAMC, subject to a one year probationary period.

9. On January 23, 2003 the Department's Office of Personnel Management completed a background investigation of Johnson and a final agency determination concerning Johnson's suitability was issued by the Agency on February 4, 2003.

10. Johnson successfully completed his probationary period of employment as a police officer and was promoted to the GS-5 grade effective October 20, 2003.

11. On June 30, 2004 Johnson contacted an EEO counselor at the Agency and filed a complaint of race discrimination. Specifically, Johnson alleged that he was excluded from training assignments afforded similarly situated white officers and denied consideration for promotion when Eugene Dorneker (white) was preselected as Chief of Police Service without regard for competitive promotion procedures.

12. On August 19, 2004 Paul Kipta, Acting Assistant Chief of Police, submitted a personnel action request (PAR) for promotion of Johnson to grade GS-6 based upon his successful completion of his one year term as a GS-5 police officer (i.e., October 20, 2003 through October 19, 2004).

13. Notwithstanding Johnson's satisfactory completion of one year as a GS-5 police officer, on September 29, 2004 Dorneker recommended that Johnson's regular promotion to GS-6 be placed "on hold" allegedly because of issues concerning Johnson's suitability to continued employment as a police officer.

14.     In addition to the foregoing, on October 4, 2004 Dorneker sent a memorandum to the Manager, Great Lakes Human Resources Management Service advising that Johnson was ineligible for continued employment as a police officer based, in pertinent part, upon expunged criminal record information in violation of the Access to Criminal History Information Act, 5 U.S.C. 9101(a)(2).

15.     On February 22, 2006 the Agency issued promotion announcement 0694H for (3) Supervisory Police Officer positions (GS-083-7/8).

16.     Based upon Dorneker's refusal to certify Johnson's promotion to the GS-6 level effective October 19, 2005, he continued to receive the base rate of pay as a GS-5 police officer until September 18, 2005 when his promotion to GS-6 was finally made effective.

17.     Based upon Dorneker's refusal to promote Johnson to the GS-6 level effective October 19, 2004, Johnson was falsely denied consideration for promotion to Supervisory Police Officer allegedly because he had not served one year (time-in-grade) at the GS-6 level.

<u>**COUNT I**</u>
**DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF RACE**

18.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19.     42 U.S.C. §2000e-2 provides, in pertinent part, as follows:

(a) EMPLOYERS.  It shall be unlawful employment practice for an employer...(1) To fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin; or (2) To limit, segregate or classify

employees or applicants for employment in any way which will deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color religion, sex or national origin.

20. Similarly situated police officers outside plaintiff's protected class (i.e., who have successfully completed one year of service at the GS-5 grade) are routinely promoted and compensated at the GS-6 grade.

21. Similarly situated police officers outside of plaintiff's protected class were not excluded from consideration for promotion for the false and pretextual reasons given to plaintiff for his exclusion for promotion to the Supervisory Police Officer vacancies under vacancy announcement 06-94H.

22. As a proximate result of the foregoing, plaintiff has been caused to suffer loss of employment opportunities, advancement, diminution of future employment promotion, loss wages, increases and entitlements otherwise associated with his promotion, damage to reputation, interference with federal employment for wholly pretextual and unfounded reasons.

23. As a further proximate result of the foregoing, plaintiff has been caused to suffer extreme emotional distress, loss of reputation and enjoyment of life, loss and damage to reputation, and interference with his career opportunities as a federal employee for wholly pretextual and unfounded reasons.

24. The discriminatory acts and omissions alleged herein were vexatious, purposeful and constitute a continuing violation within the meaning of Title VII.

25. The discriminatory acts and omissions alleged herein constitute discrimination in federal employment on the basis of race in violation of Title VII.

## COUNT II
## RETALIATION

26.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 25 as if fully set forth in this Count II.

27.     42 U.S.C. §2000e-3(a) specifically forbids discrimination against an employee "because [he] has opposed any practice made an unlawful employment practice by this subchapter, or because [he] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

28.     At all times relevant, Johnson was actively engaged in statutorily protected EEO activity which occurred in close proximity in time to the adverse employment actions complained of herein.

29.     At all times relevant, responsible management officials were aware of Johnson's engagement in such concerted and protected activity.

30.     The Agency, acting by and through its authorized managers, supervisors, counselors and policy makers, have implemented and encouraged a pattern and practice of retaliation against police officers in the service who have engaged in concerted and protected EEO activity, particularly those employees whose participation in such activity which have resulted in findings and damages assessed against the Agency for engaging in discriminatory personnel practices.

31.     The adverse actions complained of herein were implemented against Johnson in direct retaliation for engaging in protected and concerted activities as aforesaid.  Moreover,

plaintiff's participation in statutorily protected activities was a "motivating factor" in the personnel actions complained of herein.

32.　　As a proximate and direct result of the retaliation alleged herein, plaintiff has been caused to suffer loss of employment, diminution of future employment opportunities, loss of advancement/promotion, loss of wages, increases and entitlements otherwise afforded similarly situated employees, damages to his reputation, and interference with his career as an police officer at the Agency.

33.　　As a further proximate and direct result of the foregoing, plaintiff has been caused to suffer extreme emotional distress, loss of enjoyment of life, loss and damages to his business reputation and federal career, and other non-wage losses and damages as will be shown according to proofs.

34.　　The retaliatory conduct of defendant with respect to plaintiff, as aforesaid, constitutes malice or reckless indifference to plaintiff's federally protected rights.

35.　　The retaliatory acts directed against plaintiff constitute a "continuing violation" within the meaning of Title VII.

## COUNT III
## PRIVACY ACT

36.　　The privacy Act of 1974, 5 U.S.C. §552a, et seq., serves to safeguard public interest in informational privacy by delineating and determining duties and responsibilities of federal agencies that collect, store and disseminate personal information about individuals and employees.

37. The Access to Criminal Information Act, 5 U.S.C. §9101(a)(2) further provides that "criminal history record information" shall not include those records of a state or locality which have been sealed or expunged pursuant to state law.

38. Notwithstanding the foregoing, the Agency utilized and considered criminal record information which had, in fact, been expunged pursuant to the Illinois Criminal Identification Act, 20 ILCS 2630/5, in denying Johnson's promotion to grade level GS-6 and excluding him from subsequent promotion to all Supervisory Police Officer vacancies at the Agency.

39. Notwithstanding the foregoing, the Department of Veterans Affairs, Security and Investigations Center, has refused, and continues to refuse, to delete all references to Johnson's expunged criminal record information in making suitability determinations or otherwise take appropriate remedial steps to further prevent dissemination of damaging, inaccurate and defamatory information concerning Johnson.

40. Notwithstanding the foregoing, agents and attorneys of the Agency's Regional Counsel's Office have also knowingly maintained, disseminated and disclosed information concerning Johnson's expunged criminal records, particularly during the investigation and defense of plaintiff's proceedings before the Office of Dispute Resolution and EEOC, in violation of the Privacy Act and its own internal rules and regulations.  5 U.S.C. §552(i)(1).

41. The acts of the Agency herein constitute intentional and purposeful violations of the Privacy Act and federal laws, rules and regulations designed to protect privileged data and information concerning plaintiff. 5 U.S.C. §552a(g)(1); 42 U.S.C. §3789(g).

WHEREFORE, plaintiff prays that this Court enter an order providing as follows:

(a) Trial by jury on the charges raised in this complaint and those filed with the EEOC and advancement on the Court's docket for a speeding hearing;

(b) A declaratory judgment finding that plaintiff's civil rights and entitlements have been violated as alleged above and that the practices complained of herein are unlawful and violative of the acts cited;

(c) That defendant, its agents, successors, officers, employees, attorneys, and those acting in concert therewith be permanently enjoined from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing any and all other employment practices shown to be violative of applicable law.

(d) That defendant be directed to promote plaintiff to the position of Supervisory Police Officer (GS-7/8) or, alternative, that the Agency be directed to supplement/amend plaintiff's personnel file to reflect a GS-7/8 grade retroactive to the date of his denial of promotion;

(e) That defendant be directed to make plaintiff whole for all lost wages and entitlements;

(f) That defendant be directed to expunge/amend plaintiff's personnel file and all records relating to suitability determinations by deletion of all expunged criminal record information;

(g) That defendant be directed to pay plaintiff all lost wages, compensatory damages, criminal penalties, attorney's fees and costs for all violations of Title VII of the Civil Rights Act, the Privacy Act and Justice System Improvement Act as aforesaid;

(h) Such other and further relief as this court deems just under the circumstances.

        **Respectfully submitted,**
        **THOMAS JOHNSON,**

BY: /s/_____
      Timothy A. Bridge
      Plaintiff's Attorney

Timothy A. Bridge
Attorney at Law
3N206 Loblolly Lane
St. Charles, IL 60175
(630) 762-1135
(630) 762-1282 (FAX)
tabridge@sbcglobal.net

# EXHIBIT A

Case 1:08-cv-01903 Document 1 Filed 04/02/2008 Page 11 of 20

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
WASHINGTON, D.C. 20420

Thomas Johnson           )
                         )
       Complainant,      )
                         )
       v.                )   VA Case No. 200J-0578-2006101830
                         )
Secretary,               )
Department of Veterans Affairs )
                         )
       Agency.           )

## FINAL AGENCY DECISION

### INTRODUCTION

In a formal EEO complaint dated May 2, 2006, the complainant alleged that officials at the VA Medical Center in Hines, Illinois, discriminated against him as referenced below. The Department's Office of Resolution Management accepted and appropriately investigated one of the claims raised in the complaint and properly notified the complainant of its determination to dismiss the remaining claim in accordance with the Commission's regulation governing partial dismissals at 29 C.F.R. Section 1614.107(b).

At the conclusion of the investigation, the Department notified the complainant in writing of the right to request either a hearing and decision by an EEOC administrative judge, with a subsequent final action by the Department, or an immediate final decision by the Department without a hearing. The complainant acknowledged receipt of that notice on January 25, 2007. The complainant initially requested a hearing before an EEOC administrative judge but subsequently withdrew the request. Accordingly, the administrative judge remanded the complaint to the Department's Office of Employment Discrimination Complaint Adjudication for an immediate final agency decision based on the investigative record. OEDCA received the file from the judge on October 16, 2007.

### PROCEDURAL DISMISSAL

The Department's Office of Resolution Management partially dismissed one of the complainant's claims because of untimeliness. Specifically, the complaint file indicates that management failed to make Complainant's September 2005 promotion retroactive to October 2004. However, the record indicates that Complainant waited until March 2006 to contact ORM regarding this issue, well beyond the 45-day time limit prescribed by the EEOC in its regulations. 29 C.F.R. § 1614.107(a)(2).

Accordingly, for the above stated reasons, it is the final decision of the Department to dismiss the relating to the issue of the effective date of his promotion. The merits of the remaining claim raised in the complaint are addressed below

### CLAIM

Whether Complainant was discriminated against on the basis of reprisal, race (Black) and age (YOB: 1948) when on or about March 24, 2006, he was found not qualified (lack of time in grade) for the position of Police Officer Supervisor, GS-083-7/:, MPA # 06-94H.

### SUMMARY OF FACTS

The record indicates that in March 2006 HRMS determined that Complainant did not meet the time in grade requirements for the position of Supervisory Police Officer and therefore could not be considered for the job. The record revealed that Complainant's promotion to Police Officer, GS-6, scheduled for October 2006, had been delayed due to severe suitability issues that took several months to adjudicate. RMO 1, CH (White, age:54, prior EEO activity), testified that the investigative process for a VA police officer seeks a clearance at a higher level than other VA employees and begins from the day of appointment. It was further noted that OPM conducts the investigation and refers the completed report to a VA suitability team, who performs the suitability review. HRMS officials stated that in some instances the process can take several months. In the instant case, the investigative process began on September 11, 2003 and concluded in July 2005. The record indicates that the VA completed its suitability review and Complainant's promotion was made effective September 18, 2005. As a result, Complainant's time in grade at the GS-6 level failed to meet the one year requirement set forth in the position description for Supervisory Police Officer. RMO 1 testified that federal regulations prevented a retroactive application of the suitability determination.

A review of the ORM database revealed that Complainant's prior EEO activity included three cases, two of which were processed at the formal complaint level in April 2004 and March 2005. RMO 1, and JB (Black, age 52, prior EEO activity) former Police Chief and RMO 2 in this matter, both admitted being aware of Complainant's prior EEO activity, but denied his claim that reprisal had motivated them to delay his promotion.

Complainant learned of his failure to meet the time in grade requirement on or about March 24, 2006, and contacted an EEO Counselor on March 27, 2006. Complainant essentially contended that management should have made the effective date of his promotion retroactive to October 31, 2004, thereby providing him with the requisite time in grade to be considered for promotion. According to Complainant, similarly situated non-black police officers who had passed their personnel action requirements had not been refused promotion. He further stated that the selectees had been chosen either because of their race, age or lack of prior EEO activity. However, in the ROI, ORM explained that Complainant's claim was not a case of discriminatory non-selection, but rather a question involving a determination that Complainant lacked time in grade.

Informal counseling failed to produce a result satisfactory to Complainant and he filed a formal complaint on May 2, 2006.

The record revealed that selecting officials chose 1 Black applicant and 2 White applicants for the supervisory positions. It was also noted that the successful candidates were aged 55, 49 and 38.

## ANALYSIS

### 1. Statement of Applicable Law

The law prohibiting discrimination based on race and/or reprisal is Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq. ("Title VII"). Discrimination against persons forty years of age and over is prohibited by the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Section 633a, as amended. The same pattern of analysis developed under Title VII has generally been applied to age discrimination cases. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 70 FEP Cases 486 (1996). Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614.

Generally, the adjudication of a complaint of discrimination alleging disparate treatment under Title VII and the ADEA follows a three-step evidentiary analysis. First, the burden is on the complainant to establish a prima facie case of discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 5 FEP Cases 965 (1973); Board of Trustees of Keene State College v. Sweeney, 439 U.S. 24, 18 FEP Cases 520 (1978); Furnco Construction Corporation v. Waters, 438 U.S. 567, 17 FEP Cases 1062 (1978). This means that the complainant must present a body of evidence such that, were it not rebutted, the trier of fact could conclude that unlawful discrimination did occur. Teamsters v. U.S., 431 U.S. 324, 14 FEP Cases 1514 (1977). A complainant raises an inference of discrimination by showing that the reasons most commonly given by management to justify a particular employment decision or action do not apply in the complainant's case.

Second, if the complainant meets the burden of presenting a prima facie case, then management has a burden of production to articulate some legitimate, nondiscriminatory reason for its actions. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 25 FEP Cases 113 (1981). The evidence presented by management need not establish management's actual motivation, but must be sufficient to raise a genuine issue of material fact as to whether management discriminated against the complainant. If management meets this burden of production, the presumption of discrimination raised by the prima facie case is rebutted and drops from the case altogether. Burdine, 25 FEP Cases 116.

Third, in order to prevail, the complainant must show by a preponderance of the evidence that management's stated reason is a pretext for discrimination. Price Waterhouse v. Hopkins, 490 U.S. 228, 49 FEP Cases 954 (1989); Burdine, 25 FEP

3

Cases 116; McDonnell Douglas, supra. The complainant may show pretext by evidence that a discriminatory reason more likely than not motivated management, that management's articulated reasons are unworthy of belief, that management has a policy or practice disfavoring the complainant's protected class, that management has discriminated against the complainant in the past, or that management has traditionally reacted improperly to legitimate civil rights activities. McDonnell Douglas, supra.

The ultimate burden of showing that management intentionally discriminated against the complainant remains at all times with the complainant. United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 31 FEP Cases 609 (1983); Burdine, 25 FEP Cases 116. A finding of pretext -- i.e., a finding of sufficient evidence to disbelieve management's stated reason for its decision -- does not necessarily compel a finding of discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993). Proof of pretext is simply one form of circumstantial evidence that is probative of intentional discrimination, and such proof may be quite persuasive. Thus, a complainant's prima facie case, when combined with sufficient evidence to find that management's asserted justification is false, may permit a finding of discrimination. Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 82 FEP Cases 1748 (2000). This is not to say that such a showing will always be adequate to find discrimination. As the Supreme Court noted in Reeves, there will certainly be instances where, despite such a showing, the record conclusively reveals some other nondiscriminatory reason for management's decision, or if the complainant presented only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination occurred. Thus, for example, if the circumstances show that management gave a false explanation to conceal something other than discrimination, the inference of discrimination will be weak or nonexistent. Reeves, supra (citing Fisher v. Vassar College, 114 F.3d 1332, 1338 (2nd Cir. 1997). Whether a finding of discrimination is appropriate in a particular case will depend on a number of factors, including the strength of the complainant's prima facie case, the probative value of the proof that management's explanation is false, and the strength of other evidence that discrimination did not occur. Reeves, supra.

Moreover, the analytical framework in McDonnell Douglas "was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination." Furnco, 17 FEP Cases at 1066. Thus, whether or not a complainant has established a prima facie case, where management has provided a legitimate, nondiscriminatory explanation for its action, the factual inquiry must proceed to a decision on the ultimate factual issue in the case -- i.e., whether management's actions were discriminatory within the meaning of Title VII. Aikens, supra.

**Age Discrimination**

In order to prevail in an age discrimination claim under the ADEA, a complainant must generally show membership in the group of persons protected under the ADEA (*i.e.*, persons age 40 or over); that the complainant was subjected to an adverse employment action; and that the complainant was disadvantaged in favor of a younger person because of his or her age. Simpson v. Midland-Ross Corp., 823 F.2d 937, 44 FEP Cases 418 (6th Cir. 1987); Polstorff v. Fletcher, 452 F.2d 17, 17 FEP Cases 123 (D. Ala. 1978) (citing Marshall v. Goodyear Tire & Rubber Co., 554 F.2d 730 15 FEP Cases 139 (5th Cir. 1977). The younger person need not be outside the protected group, but must be sufficiently younger than the complainant to permit an inference of discrimination. O'Connor, supra.

Employers may make subjective judgments for any reason that is not unlawfully discriminatory. The ADEA is not intended as a vehicle for review of business decisions. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69, 27 FEP Cases 1563 (6th Cir. 1982). The question is not whether the employee was treated fairly but, rather whether he or she was discriminated against on the basis of age. Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1118 n.3, 23 FEP Cases 1338 (6th Cir. 1980).

**Prima Facie Case:**

The elements of a prima facie case of discrimination are determined by the factual circumstances of the case and the bases of discrimination alleged. McDonnell Douglas, 5 FEP Cases 969 n.13. Here, the complainant alleged disparate treatment with respect to the determination that he did not have the requisite time in grade to be considered for promotion to Supervisory Police Officer based on race, age or reprisal.

In order to establish a prima facie case of disparate treatment, a complainant must generally show (1) membership in a protected class, (2) an employment situation comparable to that of other employees not of the same protected class, and (3) treatment that is different than that experienced by those other employees with respect to the terms, conditions, or benefits of employment. McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 12 FEP Cases 1577 (1976); Scott v. Secretary of Defense, EEOC Appeal No. 01902727 (September 24, 1990).

Employees are in comparable employment situations when it is reasonable to believe that they would receive the same treatment in the context of a particular employment decision. See, Lindemann & Grossman, *Employment Discrimination Law*, 3rd Ed., Chapter 2, pp. 30-33 (1996). In order for comparative employees to be considered similarly situated, all relevant aspects of the complainant's situation must be nearly identical to those of the comparative employees. O'Neal v. Postmaster General EEOC Request No. 05910490 (July 23, 1991); Powell v. Postmaster General, EEOC Appeal No. 01911979 (November 25, 1991). Thus, in order to be similarly situated, the comparative employees must have dealt with the same supervisor and have been

5

subject to the same standards. <u>Mitchell v. Toledo Hospital</u>, 964 F.2d 577, 59 FEP Cases 76 (6th Cir. 1992).

Even in cases where there are no similarly situated employees, a complainant may be able to establish a prima facie case by showing: (1) membership in a protected class; (2) the occurrence of an adverse employment action; and (3) some evidence of a causal relationship between membership in the protected class and the adverse action. <u>Ward v. U.S. Postal Service</u>, EEOC Request No. 05920219 (June 11, 1992), citing <u>Potter v. Goodwill Industries of Cleveland</u>, 518 F.2d 864, FEP Cases (6th Cir. 1975) anc <u>Leftwich v. United States Steel Corporation</u>, 470 F. Supp. 758 (W.D. Pa. 1979).

In the instant complaint, the complainant may establish a prima facie case of race and age discrimination concerning the time in grade determination by presenting evidence showing that (1) Complainant was a member of the protected groups (black and/or 40 years of age or older; (2) he was in an employment situation comparable to that of other employees not of the same protected class; and (3) he received treatment that is different than that experienced by those other employees with respect to the time in grade determination for promotion to the position of supervisory police officer.

**Reprisal**

Title VII prohibits employer actions that are based on a retaliatory motive and are likely to dissuade a reasonable employee or applicant from engaging in protected EEO activity. See, <u>Burlington Northern and Santa Fe Railway Co. v. White</u>, 548 U.S. ___, (2006) (No. 05-259, June 22, 2006). See, also 42 U.S.C. 2000e – 3(a). In cases involving reprisal, the criteria for establishing a <u>prima facie</u> case may require a showing that (1) the complainant engaged in a protected activity, (2) management was aware of the complainant's participation in the protected activity, (3) management effected some action which adversely impacted upon the complainant following the protected activity, and (4) the management action followed the protected activity within such a period of time that a retaliatory motive can be inferred.; <u>Hochstadt v. Worcester Foundation for Experimental Biology, Inc.</u>, 425 F. Supp. 318, 11 FEP Cases 1426 (D. Mass 1976), aff'd, 545 F.2d 222, 13 FEP Cases 804 (1st Cir. 1976).

The action required in the third element need not be an ultimate, or even significant, personnel action. Therefore, any action by a management official likely to dissuade a reasonable employee or applicant from making or supporting a charge of discrimination is sufficient to satisfy this element of a prima facie case of reprisal. Petty slights, minor annoyances, and simple lack of good manners normally will not create such deterrence. See, <u>Burlington Northern</u>, <u>supra</u>; p. 13 (the Court found that an assignment to more arduous and less desirable job duties, even if such duties fall within the scope of the complainant's job description, was likely to dissuade the plaintiff from making or supporting a charge of discrimination). See also, <u>EEOC Compliance Manual</u>, Vol. 2, Section 8, p. 8-13 (Retaliation).

6

## 2. Discussion

### *Prima Facie Case*

**Race/Age**

Complainant arguably established prima facie cases of race and age discrimination with respect to the determination that he lacked the requisite time in grade for promotion to the supervisory position. Here, management determined that all three candidates had the requisite time in grade. Each of them was younger than Complainant and two were non-Black.

**Reprisal**

Complainant established a prima facie case of reprisal. The record indicates that in the months immediately preceding the time in grade determination Complainant had been involved in three EEO actions, with one of the formal complaints having been filed as recently as March 2005. The RMOs acknowledged that they were aware of the prior activity. The record also indicates that the VA's post-investigation suitability determination permitting Complainant to remain on the job took place a few months thereafter in September 2005.

### *Management's Response*

Management articulated a legitimate, nondiscriminatory reason for its determination that Complainant had not met the time in grade requirements to be considered for promotion to the Supervisory Police Officer position. The record indicates that due to serious background issues requiring resolution, the background investigation that was conducted by OPM was not favorably completed until July 2005 and the suitability determination conducted by the VA team followed immediately thereafter. It was also established that the proper effective date for Complainant's promotion was September 18, 2005, and could not have been applied on a retroactive basis. Neither Complainant's race, nor age or prior EEO activity played a role in the decision regarding his time in grade.

As previously noted herein, this was not an issue of whether discriminatory nonselection took place. Having failed to meet the time in grade requirement, Complainant could not have been considered as an applicant, or a candidate, for selection.

### *Pretext*

Complainant has not provided any evidence that the reasons offered by management were pretextual.

7

## CONCLUSION

Complainant failed to race, age or reprisal discrimination by a preponderance of the evidence.

## RIGHT OF APPEAL

Within 30 days of receipt of this final decision, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036**. If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA Office of General Counsel at the following address: **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420**.

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement", must also be sent to the VA's Office of General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action

within 90 days of receipt of this final decision if no appeal to EEOC has been filed; or

within 90 days after receipt of the EEOC's final decision on appeal; or

after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

01/29/2008 13:54 FAX 7082022371   HINES EEO   ⌐010

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **James B. Peake** as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date the complainant receives the final decision from the Department or the Commission.

_____         1-9-08
CHARLES R. DELOBE                              Date
Director, Office of
Employment Discrimination
Complaint Adjudication

Attachment: EEOC Form 573

9