UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1903 |
| | ) | |
| JAMES B. PEAKE, Secretary, U.S. | ) | Judge Lefkow |
| Department of Veterans Affairs, and the | ) | |
| Department of Veterans Affairs, Security and | ) | |
| Investigation Center, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of defendants James B. Peake, Secretary, U.S. Department of Veterans Affairs, and the Department of Veterans Affairs, Security and Investigation Center, for its answer to the complaint, states as follows:

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

Answering the specific allegations of the complaint, the United States admits, denies, or otherwise avers, as follows:

1.    **Complaint:** This is an action for equitable relief and damages for discrimination in federal employment on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16. Plaintiff also seeks equitable relief, damages, penalties, attorney's fees and costs against the Department of Veterans Affairs, Security and Investigation Center, for violation of the Privacy Act of 1974, 5 U.S.C. §552a, et. seq.

**Response:** Admit action is for equitable relief and damages under Title VII for alleged discrimination in the workplace; admit court has jurisdiction. Deny all remaining allegations in paragraph 1.

2.    **Complaint:** This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. §§1331, 1343, 42 U.S.C. §2000e-16 and 5 U.S.C. §552a(g)(1).

**Response:** Admit court has jurisdiction under cited statutes. Deny defendants violated any of the cited statutes.

3.    **Complaint:** Venue is proper in this court since the discriminatory acts and omissions giving rise to this complaint occurred within this judicial district. 42 U.S.C. §2000e-5(f)(3).

**Response:** Admit venue is proper. Deny defendants engaged in discriminatory conduct by acts or omissions against plaintiff Thomas Johnson.

4.    **Complaint:** Thomas Johnson (black), is a citizen of the United States and, at all times relevant, was employed by the U.S. Department of Veterans Affairs at Hines VA Medical Center, Hines, Illinois ("Agency").

**Response:** Admit.

5.    **Complaint:** James B. Peake was, at all times relevant, the Secretary, U.S. Department of Veterans Affairs ("Department") and, as such, is the proper party defendant herein since he was responsible for the administration and enforcement of all laws, rules and regulations relating to the equal employment opportunity of employees in and under the jurisdiction of the Department, including those employees employed at Hines VAMC, Hines, Illinois.

**Response:** Admit.

6.    **Complaint:** Johnson invoked and exhausted all mandatory pre-complaint administrative procedures by filing timely complaints of discrimination with the Agency's Office of Resolution Management, i.e., Agency Case Nos. 200K-0578-2004103520 (8/23/04) and 200J-05782006101830 (5/4/06).

**Response:** Admit.

7.    **Complaint:** On January 10, 2008, the Department's Office of Employment Discrimination Complaint Adjudication issued a fmal agency decision ("FAD"). This complaint is

filed within (90) calendar days of receipt of the FAD. (A copy of the Department's FAD is attached hereto as Exh. A).

**Response:** Admit complaint was filed within 90 calendar days of Johnson's receipt

of the decision.

8. **Complaint:** Johnson is a career federal employee who was initially hired effective October 20, 2002 as a Police Officer (GS-083-04) at Hines VAMC, subject to a one year probationary period.

**Response:** Admit.

9. **Complaint:** On January 23, 2003 the Department's Office of Personnel Management completed a background investigation of Johnson and a final agency determination concerning Johnson's suitability was issued by the Agency on February 4, 2003.

**Response:** Admit.

10. **Complaint:** Johnson successfully completed his probationary period of employment as a police officer and was promoted to the GS-5 grade effective October 20, 2003.

**Response:** Admit Johnson successfully completed his probationary period of

employment as a police office and was promoted to a GS-5 grade effective October 19, 2003.

11. **Complaint:** On June 30, 2004 Johnson contacted an EEO counselor at the Agency and filed a complaint of race discrimination. Specifically, Johnson alleged that he was excluded from training assignments afforded similarly situated white officers and denied consideration for promotion when Eugene Dorneker (white) was preselected as Chief of Police Service without regard for competitive promotion procedures.

**Response:** Admit Johnson contacted an EEO counselor on June 30, 2004, and

complained of discrimination. Admit Johnson made allegations regarding discrimination in training

assignments and promotion. Deny the allegations Johnson made to the EEO counselor.

12. **Complaint:** On August 19, 2004 Paul Kipta, Acting Assistant Chief of Police, submitted a personnel action request (PAR) for promotion of Johnson to grade GS-6 based upon his successful completion of his one year term as a GS-5 police officer (i.e., October 20, 2003 through October 19, 2004).

**Response:**  Admit.

13.    **Complaint:**  Notwithstanding Johnson's satisfactory completion of one year as a GS-5 police officer, on September 29, 2004 Dorneker recommended that Johnson's regular promotion to GS-6 be placed "on hold" allegedly because of issues concerning Johnson's suitability to continued employment as a police officer.

**Response:**  Deny.

14.    **Complaint:**  In addition to the foregoing, on October 4,2004 Domeker sent a memorandum to the Manager, Great Lakes Human Resources Management Service advising that Johnson was ineligible for continued employment as a police officer based, in pertinent part, upon expunged criminal record information in violation of the Access to Criminal History Information Act, 5 U.S.C. 9101(a)(2).

**Response:**  Admit DVA memorandum sent to Domeker.  Deny DVA memorandum

influenced Domeker's decision.

15.    **Complaint:**  On February 22, 2006 the Agency issued promotion announcement 0694H for (3) Supervisory Police Officer positions (GS-083-7/8).

**Response:**  Admit.

16.    **Complaint:**  Based upon Domeker's refusal to certify Johnson's promotion to the GS-6 level effective October 19, 2005, he continued to receive the base rate of pay as a GS-5 police officer until September 18, 2005 when his promotion to GS-6 was finally made effective.

**Response:**  Deny.

17.    **Complaint:**  Based upon Domeker's refusal to promote Johnson to the GS-6 level effective October 19, 2004, Johnson was falsely denied consideration for promotion to Supervisory Police Officer allegedly because he had not served one year (time-in-grade) at the GS-6 level.

**Response:**  Deny.

18.    **Complaint:**  Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

**Response:**  Defendants incorporate by reference their responses to paragraphs 1 through 17.

4

19.    **Complaint:** 42 U.S.C. §2000e-2 provides, in pertinent part, as follows:

(a) EMPLOYERS. It shall be unlawful employment practice for an employer...(1) To fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin; or (2) To limit, segregate or classify employees or applicants for employment in any way which will deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color religion, sex or national origin.

**Response:** Admit Johnson correctly states portions of Title VII.

20.    **Complaint:** Similarly situated police officers outside plaintiff's protected class (i.e., who have successfully completed one year of service at the GS-5 grade) are routinely promoted and compensated at the GS-6 grade.

**Response:** Deny because "routinely promoted" not meaningfully defined.

21.    **Complaint:** Similarly situated police officers outside of plaintiff's protected class were not excluded from consideration for promotion for the false and pretextual reasons given to plaintiff for his exclusion for promotion to the Supervisory Police Officer vacancies under vacancy announcement 06-94H.

**Response:** Deny.

22.    **Complaint:** As a proximate result of the foregoing, plaintiff has been caused to suffer loss of employment opportunities, advancement, diminution of future employment promotion, loss wages, increases and entitlements otherwise associated with his promotion, damage to reputation, interference with federal employment for wholly pretextual and unfounded reasons.

**Response:** Deny.

23.    **Complaint:** As a further proximate result of the foregoing, plaintiff has been caused to suffer extreme emotional distress, loss of reputation and enjoyment of life, loss and damage to reputation, and interference with his career opportunities as a federal employee for wholly pretextual and unfounded reasons.

**Response:** Deny.

24.    **Complaint:** The discriminatory acts and omissions alleged herein were vexatious, purposeful and constitute a continuing violation within the meaning of Title VII.

**Response:** Deny.

25.    **Complaint:**  The discriminatory acts and omissions alleged herein constitute discrimination in federal employment on the basis of race in violation of Title VII.

**Response:**  Deny.

26.    **Complaint:**  Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 25 as if fully set forth in this Count II.

**Response:**  Defendants incorporate by reference their responses to paragraphs 1 through 25.

27.    **Complaint:**  42 U.S.C. §2000e-3(a) specifically forbids discrimination against an employee "because [he] has opposed any practice made an unlawful employment practice by this subchapter, or because [he] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

**Response:**  Admit.

28.    **Complaint:**  At all times relevant, Johnson was actively engaged in statutorily protected EEO activity which occurred in close proximity in time to the adverse employment actions complained of herein.

**Response:**  Admit Johnson actively engaged in Title VII protected activity.  Deny the remaining allegations in paragraph 28.

29.    **Complaint:**  At all times relevant, responsible management officials were aware of Johnson's engagement in such concerted and protected activity.

**Response:**  Admit.

30.    **Complaint:**  The Agency, acting by and through its authorized managers, supervisors, counselors and policy makers, have implemented and encouraged a pattern and practice of retaliation against police officers in the service who have engaged in concerted and protected EEO activity, particularly those employees whose participation in such activity which have resulted in findings and damages assessed against the Agency for engaging in discriminatory personnel practices.

**Response:**  Deny.

31.    **Complaint:**  The adverse actions complained of herein were implemented against Johnson in direct retaliation for engaging in protected and concerted activities as aforesaid.

Moreover, plaintiff's participation in statutorily protected activities was a "motivating factor" in the personnel actions complained of herein.

        **Response:** Deny.

    32.   **Complaint:** As a proximate and direct result of the retaliation alleged herein, plaintiff has been caused to suffer loss of employment, diminution of future employment opportunities, loss of advancement/promotion, loss of wages, increases and entitlements otherwise afforded similarly situated employees, damages to his reputation, and interference with his career as an police officer at the Agency.

        **Response:** Deny.

    33.   **Complaint:** As a further proximate and direct result of the foregoing, plaintiff has been caused to suffer extreme emotional distress, loss of enjoyment of life, loss and damages to his business reputation and federal career, and other non-wage losses and damages as will be shown according to proofs.

        **Response:** Deny.

    34.   **Complaint:** The retaliatory conduct of defendant with respect to plaintiff, as aforesaid, constitutes malice or reckless indifference to plaintiff's federally protected rights.

        **Response:** Deny.

    35.   **Complaint:** The retaliatory acts directed against plaintiff constitute a "continuing violation" within the meaning of Title VII.

        **Response:** Deny.

    36.   **Complaint:** The Privacy Act of 1974, 5 U.S.C. §552a, et seq., serves to safeguard public interest in informational privacy by delineating and determining duties and responsibilities of federal agencies that collect, store and disseminate personal information about individuals and employees.

        **Response:** Admit Johnson accurately stated a portion of the Privacy Act.

    37.   **Complaint:** The Access to Criminal Information Act, 5 U.S.C. §9101(a)(2) further provides that "criminal history record information" shall not include those records of a state or locality which have been sealed or expunged pursuant to state law.

        **Response:** Admit Johnson correctly stated a portion of section 9101(a)(2).

38.     **Complaint:**  Notwithstanding the foregoing, the Agency utilized and considered criminal record information which had, in fact, been expunged pursuant to the Illinois Criminal Identification Act, 20 ILCS 2630/5, in denying Johnson's promotion to grade level GS-6 and excluding him from subsequent promotion to all Supervisory Police Officer vacancies at the Agency.

        **Response:**  Deny.

39.     **Complaint:**  Notwithstanding the foregoing, the Department of Veterans Affairs, Security and Investigations Center, has refused, and continues to refuse, to delete all references to Johnson's expunged criminal record information in making suitability determinations or otherwise take appropriate remedial steps to further prevent dissemination of damaging, inaccurate and defamatory information concerning Johnson.

        **Response:**  Deny.

40.     **Complaint:**  Notwithstanding the foregoing, agents and attorneys of the Agency's Regional Counsel's Office have also knowingly maintained, disseminated and disclosed information concerning Johnson's expunged criminal records, particularly during the investigation and defense of plaintiff's proceedings before the Office of Dispute Resolution and EEOC, in violation of the Privacy Act and its own internal rules and regulations. 5 U.S.C. §552(i)(1).

        **Response:**  Deny.

41.     **Complaint:**  The acts of the Agency herein constitute intentional and purposeful violations of the Privacy Act and federal laws, rules and regulations designed to protect privileged data and information concerning plaintiff. 5 U.S.C. §552a(g)(1); 42 U.S.C. §3789(g).

        **Response:**  Deny.

        **WHEREFORE**, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

                                Respectfully submitted,
                                PATRICK J. FITZGERALD
                                United States Attorney

                        By: s/ Pierre C. Talbert
                                PIERRE C. TALBERT
                                Assistant United States Attorney
                                219 South Dearborn Street
                                Chicago, Illinois 60604
                                (312) 353-4088
                                pierre.talbert@usdoj.gov